## HALL J. HOWE & *al. versus* WILLIAM NICKELS.

Where there is a guaranty of payment for goods, to be afterwards purchased by a third person, until otherwise ordered, the amount not to exceed a certain sum, the guarantor, to be made liable, must be apprised of the acceptance of the proposed guaranty ; and must within a reasonable time be notified of the amount which may have been advanced, and of demand of payment, without effect, of the principal debtor.

No definite rule, as to what constitutes reasonable time, seems to have been distinctly prescribed in such cases of guaranty ; but if the want of notice, or the delay to give notice, has operated injuriously to the guarantor, he is to be relieved of his liability *pro tanto*, of such loss.

And if the debtor has become insolvent during the time the creditor had it in his power to have enforced payment against him, it is *prima facie* evidence of a loss *in toto*.

THE parties, in this case, agreed to submit it to the decision of the Court upon a statement of facts, and papers referred to as part thereof ; " the Court to consider such of the facts as are relevant, and to draw such inferences therefrom as a jury might."

The following was found in the statement.  " The action is assumpsit upon the annexed guaranty, not dated, but made in October or November, 1834."

The facts upon which the decision was made are found in the opinion of the Court.

*Moulton* argued for the plaintiffs, and cited *Seaver* v. *Bradley*, 6 Greenl. 60 ; *True* v. *Harding*, 3 Fairf. 195 ; *Norton* v. *Eastman*, 4 Greenl. 525 ; *Bent* v. *Hartshorn*, 1 Metc. 24.

*C. Burbank* argued for the defendant, and cited *Babcock* v. *Bryant*, 12 Pick. 133 ; *Norton* v. *Eastman*, 4 Greenl. 521 ; 2 Stark. Ev. 649 ; *Tucker* v. *French*, 7 Greenl. 115 ; *Cremer* v. *Higginson*, 1 Mason, 323.

The opinion of the Court was drawn up by

WHITMAN C. J. — This action is founded on a claim for advances, made by the plaintiffs, to one Robert S. Nickels, under a guaranty in writing, signed by the defendant and one Alexander Nickels, in substance as follows, viz.   In considera-

tion of one dollar the subscribers agree, jointly and severally, to guarantee to the plaintiffs payment for all goods, which may be purchased of them by Robert S. Nickels, after the 21st of Oct. 1834, till otherwise ordered, the amount, not exceeding $1000, to include a bill before purchased. The bill named has been paid, and is not therefore in question. To the guaranty there is no date. By a letter in the case, however, from the defendant to the plaintiffs, it is manifest, that it was given in 1834, and prior to the sale of the goods, for which payment is sought to be recovered. For the amount due for these goods, being short of the amount intended or offered to be guarantied, a note was taken, signed by Robert S. Nickels, payable on demand, with interest, bearing date Sept. 15, 1835; for the payment of which the plaintiffs had often called upon him, without obtaining any thing, except a few small sums, indorsed on the note, until the 14th of October, 1837; when the plaintiffs, for the first time, by letter addressed to the defendant and Alexander Nickels, the signers of the guaranty, reminded them of it, and stated the amount due from Robert S. Nickels, and solicited payment. To which the defendant replied, expressing his surprise, that he had not been more seasonably notified; and stating that he had been informed, and had supposed the plaintiffs had been fully paid.

Two general principles may be considered as fully established in cases of this kind. The first is, that the guarantor must be apprised of the acceptance of the proposed guaranty. The other, that he must, within a reasonable time, be notified of the amount, which may have been advanced, and of demand of payment, without effect, of the principal debtor. The former of these is essential to constitute the contract, between the parties; for it is only upon the ground of a contract, between the parties, that any liability can arise; and a contract cannot be said to exist till each party is apprised of the assent of the other to it.

With regard to the other principle, that there must be reasonable notice of the amount advanced, and of non-payment by the principal debtor, although it be a general rule, in such

cases, still, much embarrassment often occurs in the application of it. What is reasonable notice? It is said to be a question of law, to be decided by the Court. It cannot be such, however, till the facts are ascertained; and the facts, in cases arising under guaranties of this kind, are often almost infinite in variety and shades of character. In every such case it becomes necessary to refer the decision to the jury, with instructions as to what would or would not be considered reasonable notice, under any state of facts, which the case would warrant the jury in finding to exist.

Although the facts may be ascertained, the result to which they may tend, by way of proving reasonable notice, is unascertained. Here the difficulty is twofold. First, the train of circumstances and facts, in reference to the question, often, and indeed usually, are not only numerous and complicated, but dissimilar to those, which have occurred in any previous case; so much so as to preclude, in a good measure, a resort to any precedent to aid in forming a decisive opinion; and, secondly, the impression, as to what state of facts should be deemed to amount to reasonable notice, will not be uniform in different minds. Hence, notwithstanding, that what is to be deemed reasonable notice, is a question of law; yet in most cases it must be almost as unsettled, and as far removed from any thing, that can be recognized as a known rule of action, as if no decision had ever before been made on the subject.

There are many cases occurring in the administration of justice, where certain general propositions can be laid down; but which, when they come to be applied, must be met by a variety of incidents, unforeseen, and never before contemplated; and in reference to which no general rule has or could have been prescribed beforehand. The Court, in every such case, must be expected to exercise its best discretion and judgment in determining what the law must be deemed to be as applicable thereto. This must necessarily give rise to some uncertainty as to what will be the decision in any given case; but this is the inevitable result of human frailty, and the imperfection of all things depending upon human foresight and sagacity.

In the present case we may fairly conclude, from the tenor of the guaranty, which acknowledges the receipt of a pecuniary consideration for entering into it, that it had been concluded upon between the parties, both at the time interchanging their assents to it; and hence, that the contract was complete between them; and that therefore no further notice could be necessary, that the contract of guaranty had been accepted; and more especially as the defendant, in his letter, before referred to, makes no complaint of the want of such notice; while he does complain of the want of notice that the debt had not been paid. We may therefore consider that fact as established.

The defence, then, must rest upon the ground of which the defendant did complain. He was entitled to reasonable notice of the amount claimed, and of the demand upon the principal debtor, and of non-payment by him. The debt was incurred in Sept. 1835. Although the note given for it was on demand, it was for goods sold in the mercantile line; and a credit, from the known usage in such cases, may be presumed to have been in the contemplation of the parties. The first payment made on the note was in the February following, something over four months from the date of the note. Whether the contemplated credit had then expired or not, does not appear. This was about twenty months before the defendant was notified of the existence of the debt, and of the non-payment of it. In this time the principal debtor had closed his business, where he was, when the credit was given, and had removed to another town, and there formed a connexion in business with another person, which had proved unfortunate, and left him insolvent. During the same time, repeated attempts had been, unsuccessfully, made by the plaintiffs to induce the principal debtor to make payment. Not until after all these occurrences was there any notice of the existence of this demand forwarded to the defendant.

The cases referred to by the counsel for the defendant, tend very strongly to show, that such notice cannot be regarded as having been seasonably given. And the cases of *Douglas* v. *Raynolds*, 7 Peters, 113; and *Lee* v. *Dick*, 10 ib. 482, are

Howe v. Nickels.

still more explicit and pointed to the same effect. In the first of these two cases, which the Court held to be a continuing guaranty, similar to the one before us, it was laid down, that although it would not be necessary to give notice of each successive advancement, going to make up the amount, to which the limit extended; yet, when all the transactions under the guaranty were closed, notice of the amount, for which the guarantors were responsible, should, within a reasonable time afterwards, be communicated to them, demand having first been made upon the debtor; without which, they say, the *casus fœderis* would not be made out. Here we still have the period of time, which would come within the description of reasonable time, undefined. Against drawers and indorsers of bills of exchange, mercantile usage and the decision of Courts have distinctly prescribed what shall constitute reasonable notice; but in the cases of guaranties of this kind no such definite rule has been established. It has however been considered, where the creditor had become insolvent before the debt became due, that no demand upon the debtor, or notice to the guarantor, would be required in order to charge him; but, if the debtor did not become insolvent till after the debt became due, it would be otherwise. The question in general, is, did the want of notice, or the delay to give notice, operate injuriously to the guarantor. If it did, he is to be relieved from his liability *pro tanto* of such loss. If the debtor has become insolvent, during the time the creditor had it in his power to enforce payment against him, it is *prima facie* evidence of a loss *in toto*. *Welds & al.* v. *Savage*, 1 Story's R. 22. In the case here, it seems, from the agreed statement of facts, that the creditors, the plaintiffs, had it in their power to have enforced payment against the principal debtor, after the expiration of any reasonable term of credit, which could have been in contemplation between them, and that the notice was not given to the guarantors, of the existence of this debt, till many months afterwards. We think, therefore, under the circumstances presented by this case, that we are warranted in coming to a conclusion, that reasonable notice had not been given of the claim made by the plaintiffs under the guaranty.