# GRAFTON.

## JANUARY TERM, A. D. 1859.

### HICKS v. BURNS.

In an action to recover of an individual stockholder a debt due from a railroad corporation, the declaration must contain a special averment that the defendant had notice, before suit, of neglect by the corporation to pay the debt or expose sufficient personal property within sixty days after demand.

ASSUMPSIT. The questions in this case arose on demurrer to the first, second and fifth counts of the declaration.

The first count alleged that on the 10th of January, 1854, there was and still is a corporation established by law in this State, called the White Mountains Railroad, incorporated by an act passed December 25, 1848, having for its object a dividend of profits among its stockholders; that the defendants, on said 10th of January, were, and ever since have been, stockholders of said corporation; that the corporation then made their promissory note for $3,333.33, payable to the order of O. C. Hale in four months; that the note was indorsed by Hale to the plaintiff, duly presented for payment, and payment refused; that on said 10th of January the whole of the capital stock fixed and limited by said corporation, had not been and has never been paid in; that no certificate that the whole of the capital, fixed and limited as aforesaid, had been paid in, had then been or has ever been made and recorded by the town-clerk of Lisbon, where the corporation then had, and has always had its place of business.

That on the 25th of November, 1855, the note was due and unpaid, and was the debt and liability of the said corporation; and the plaintiff then made a legal demand of payment of the corporation, since which demand more than sixty days have elapsed, yet said debt and liability has not been paid or discharged by said corporation, or by the officers or stockholders; nor did said officers or stockholders, or any of them, then expose, nor have they since exposed, unincumbered personal property of the corporation liable to attachment, sufficient to satisfy said debt and costs; but neglect and refuse so to do, whereby—of which the defendants had notice—the defendants, according to the statute in such case made and provided, became liable; and on the 26th of January, 1856, in consideration thereof, promised the plaintiff to pay him the amount due on said note, &c., but have neglected and refused so to do.

The second count stated the establishment of the corporation, the making of the note, and the steps taken with it to charge the defendants, as in the first count, and then alleged that the corporation have not given, in the month of May, in any year prior to January, 1854, nor in that year, nor in any year since, to the Governor of the State, any notice, signed by the president and a majority of the directors, of the amount of all the assessments voted by the company and actually paid in, nor of the amount of all debts due to and from said corporation, nor of the value of all the property and assets of the corporation, so far as the same could be ascertained, as existing on the first day of May in each of those years; that the corporation have never given any such notice, nor any notice to the Governor of the matters before mentioned. The remainder of the second count was substantially like the first.

The fifth count was substantially like the first, except that it alleged the debt of the corporation to be for $10.000, money had and received to the plaintiff's use.

Hicks *v.* Burns.

The declaration contained no allegation other than that stated as above in the first count, that the defendants had notice, before suit, of the neglect by the corporation to pay the note or expose property, for sixty days after demand.

The defendants demurred to the first, second and fifth counts of the declaration, and assigned the following causes of demurrer :

To the first count that—

It does not allege a corporation established by the laws of New-Hampshire.

It does not allege that the corporation have fixed and limited their capital stock, or what the limitation is, nor any thing which brings the corporation within the law requiring a certificate to be made and recorded by the clerk of the town where such corporation has its place of business, or is located. No acceptance of the charter is alleged, or organization under it, or that the corporation ever did anything except contract this debt to the plaintiff.

To the second count that—

It does not allege a corporation established by the laws of New-Hampshire.

It does not allege any acceptance of the charter, or organization under it, nor that any assessments were voted by the company and paid in, nor that any debts were due to or from the corporation, till January 10, 1854, nor that the corporation had any property or assets, nor any thing which brings the corporation within the law requiring notice to be given to the governor annually in the month of May.

To all the counts generally that—

The statute, upon which they purport to be founded, is unconstitutional and inconsistent.

The form of the action should be debt.

One of the conditions of the charter of the road is that "if said corporation shall not have organized and have

expended the sum of one hundred thousand dollars towards the construction of said railroad before the first of January, 1854, the act shall be void;" and there is no allegation that this condition was complied with.

There is no averment that the defendants are jointly liable.

No notice to or demand upon the defendants is sufficiently averred.

*H. A. Bellows,* and *C. W. & E. D. Rand,* for the defendants.

*H. & G. A. Bingham,* for the plaintiff.

PERLEY, C. J. It is assigned for cause of demurrer that no notice to or demand upon the defendants is sufficiently averred in the declaration. The general averment of notice and request, contained in the declaration, is not traversable, nor required to be proved on trial; and if demand or notice is necessary to maintain the action, the declaration is insufficient. There is no express provision in the statute requiring that demand should be made on the defendants, or that notice should be given them before suit, of neglect by the corporation to pay the debt or expose property; and the plaintiff maintains that no such notice or demand is necessary. His position is, that if the debt is demanded of the corporation and not paid, or property exposed, within sixty days, the liability of the stockholder, and of each and all the stockholders who were members of the corporation when the debt was contracted, is fixed and absolute under the statute. The defendants take the ground that upon general principles the law will imply, from the nature of the stockholder's undertaking, when he becomes a member of the corporation, and the nature of the liability imposed by the statute, that he should have notice before he is sued; that the legislature

must have intended the general principle, which requires notice in analogous cases, should be applied in the construction of the act, though it contains no express provision on the subject.

What, then, is the nature of the stockholder's implied undertaking in respect to the debts of the corporation, when he becomes a member, and what is the character of the liability which the statute imposes ? At common law and on general principles, the stockholder is not a party to the contract by which a debt of the corporation is incurred, and no action can be maintained against him individually for a corporate debt; nor does the present statute change his general relation to the corporation in that respect. The corporation is still the only legal party to the original contract; the original debt is still the debt of the corporation, and not the debt of the stockholder. His liability is special, contingent, and collateral to the obligation of the corporation. The corporation is the original and principal debtor; the stockholder, who pays under the statute, has his remedy over against the corporation, and contribution against the other stockholders. It is a condition precedent to the right of recovery against a stockholder, that the debt shall be demanded of the corporation, and that the corporation shall neglect to pay, or to expose sufficient personal property, for sixty days after the demand.

The stockholder, therefore, is, by the statute, a surety or guarantor, under certain contingencies and conditions, for the debts of the corporation that may be contracted while he is a member. The corporation is the principal debtor, originally and ultimately liable. The debts and liabilities of the corporation, for which the stockholder becomes a guarantor under the statute, are future and wholly uncertain, being such as the corporation may contract while he shall continue to be a member. The subsequent proceedings, also, upon which the stockholder's

liability is made to depend, are between the corporation and the creditors; the stockholder is no party to them. The demand of payment is made by the creditor on the corporation, and it is the business of the corporation to pay or expose property within sixty days; and the relation of a stockholder to the corporation is not such as on general principles will charge him with implied notice of what is done by or with the corporation. Notice to the stockholder is not in law notice to the corporation, and notice to the corporation is not notice to the stockholder. This is the general rule, and the reason of the rule applies with full and unusual force to this case, for in railroad corporations like this the members are numerous; the transactions, we must suppose, are large and various; and the stockholders, as such, take no part in the actual management of the business. It is, practically, quite impossible for all the stockholders to overlook and inspect the affairs of the road, so as to have actual notice of all the debts and liabilities contracted by the corporation; whether the different creditors have demanded their respective debts of the corporation, and whether, if demanded, they have been paid, or property exposed within sixty days.

The implied undertaking of the stockholder is, that he will be liable for the future and uncertain debts of the corporation to future and uncertain creditors, provided the creditors demand their debts of the corporation, and the debts are not paid, or sufficient property exposed within sixty days after the demand; and it is on this implied undertaking that this action of assumpsit is maintained under the statute. If this legal undertaking were reduced into the form of a contract, it would assume the shape of a guaranty for the future debts of the corporation that might be contracted while the stockholder continued to be a member; and the guaranty would be upon condition that the demand should be made on the corporation, and the corporation should neglect to pay or expose sufficient

personal property for sixty days after demand. In case of such a guaranty by express contract of the party, the guarantor could not know in advance what debts would be contracted by the principal, nor who would be the creditors, nor whether the principal would make default, so as to fix his liability under the contract; and the law is now well settled and quite familiar that no action could be maintained on such a guaranty without actual notice to the defendant before suit. *Norton* v. *Eastman*, 4 Greenl. 525; *Howe* v. *Nichols*, 22 Me. 175; *Babcock* v. *Bryant*, 13 Pick. 135; *Mussey* v. *Rayner*, 22 Pick. 224; *Sturgis* v. *Robbins*, 7 Mass. 302; *Dyer* v. *Rich*, 1 Met. 180; *Lent* v. *Paddleford*, 10 Mass. 230; *Safford* v. *Stevens*, 2 Wend. 158; *Rapelye* v. *Bailey*, 3 Conn. 246; *Dix* v. *Flanders*, 1 N. H. 246; *Watson* v. *Walker*, 23 N. H. 471; *Whitton* v. *Whitton, ante* 127.

There is a good deal of confusion and some apparent contradiction in the numerous authorities on this subject, which are to be found in the old books. *Brabble* v. *Hollywell*, Cro. El. 249; *East* v. *Thoroughgood*, Cro. El. 834; *Child* v. *Horden*, 2 Bulst. 244; *Somersall* v. *Barnaby*, Cro. James 287; Lawes on Assumpsit, ch. 7. In *Child* v. *Horden*, Dodridge, J., took this distinction: that where one is ignorant of the thing to be done by him, there notice should be given; but if a man undertook to do a certain and known thing, or what may be made known by inquiry, he is bound to ascertain the extent of his promise; and this principle, as stated in general terms by Dodridge, is that which I understand to have prevailed and to be the recognized doctrine of the present day. There appears to have been a struggle in the courts to discover some more particular and positive rule that might be applied as an unerring test to all cases in which this question arose.

In some cases it was said that if the act upon which the liability of the defendant was made to depend, was to be done by or to a designated third person, although the act might be uncertain in its nature, and lie more particu-

larly in the knowledge of the plaintiff, yet notice is not necessary, because the defendant may obtain knowledge of it otherwise; and this rule was applied in *Somersall* v. *Barnaby*, Cro. Jac. 287, to the case where the defendant undertook to save the plaintiff harmless for all such sums as he should pay as surety for the future debts of J. S. This case can be hardly reconciled with the law as established by decisions in this State, or with the uniform current of modern authority in other jurisdictions; for it is now extremely well settled, that on a guaranty for the future and uncertain debts which a designated third person may contract to the plaintiff, no action can be maintained without previous notice.

But even if the rule were admitted, that, where the act is to be done by or with a designated third person, notice is not necessary, the reason upon which the general rule is founded would have no existence in the present case; for the reason upon which such a rule would be founded is this, that notice is not required when the act is to be done by or to a known third person, because there is in such case no practical difficulty in the defendant's taking notice for himself. The rule goes on the supposition that the defendant can readily ascertain the state of the fact, by inquiry of the third person. But here the creditor is himself wholly unknown to the defendants; and though for some purposes the corporation which contracts the debt has a legal individuality, yet the statute does not specify any particular officer or officers on whom demand of payment is to be made, nor the officer or officers who are to pay the debt or expose property of the corporation. All the stockholders who were members when the debt was contracted are equally liable with the defendant, and he is equally liable for all the debts contracted while he was a member, provided the necessary steps are taken to charge him with them all. It is practically impossible that each and all the stockholders should so

watch and inspect all the doings of all the officers and agents of such a corporation, as to be informed of all the debts that have been contracted, and of the steps that may have been taken for their collection, and whether the corporation were in default, after demand of payment, so as to charge the stockholders under the statute. Here there is no such single third person designated as will enable the defendant, with reasonable diligence, to ascertain by inquiry the facts upon which the statute makes his liability to depend. The facts lie, of course, in the knowledge of the creditor who owns the debt and makes the demand of payment, and they lie peculiarly in his knowledge, for the stockholder has no means of knowing them by any reasonable and practicable degree of diligence.

Cases are diversified by such an infinite variety of circumstances, that courts of late appear to have abandoned the attempt to lay down particular and positive rules as the tests of this question for all cases, and content themselves with a few general principles. In *Lent* v. *Paddleford*, 10 Mass. 138, *Jackson*, J., says : " The general rule is perfectly well settled. When the matter alleged lies peculiarly in the knowledge of the plaintiff, he must aver the defendant had notice ; but when it lies equally in the knowledge of the defendant, such averment is unnecessary." In *Babcock* v. *Bryant*, 12 Pick. 132, the defendant agreed to be responsible to the plaintiffs for such goods as they might sell to Thomas E. Case within one year. *Putnam*, J., in deliving the opinion of the court, lays down the general rule thus : " The defendant had no means, or certainly not so good means as the plaintiffs had, of knowing the quantity of goods and the value of the same, that the plaintiffs should deliver to Case. The general principle is well stated in *Norton* v. *Eastman*, 4 Gr. 521, that where the party cannot know before hand whether he is to be ultimately liable or not, or to what extent, it is necessary in order to charge him that he should have reason-

able notice. It seems to be very clear that the defendant would not be liable to pay until after notice of the amount of the goods which the plaintiffs had delivered, and a special request to pay for them." In *Mussey* v. *Rayner*, 22 Pick. 223, the defendant gave his son a writing, addressed to whom it might concern, engaging to be responsible for goods to a certain amount that might be sold by any person to his son. The plaintiff sold the son goods on the credit of this guaranty, and it was held that the defendant was not liable without notice. In *Hobart* v. *Hilliard*, 11 Pick. 144, the general rule is laid down that when the matter alleged in pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, then the declaration ought to state that the defendant had notice.

In *Howe* v. *Nichols*, 22 Me. 175, it was held that where there is a guaranty of payment for goods to be afterwards purchased by a designated third person of the plaintiff, the defendant must have notice, within a reasonable time, of the amount sold and of demand of payment, without effect, of the principal. *Rapelye* v. *Bailey*, 3 Conn. 438, is to the same point. In *Dix* v. *Flanders*, 1 N. H. 246, *Richardson*, C. J., states the rule thus: "Where the extent of the contract is not precisely known, but is to depend upon facts more peculiarly within the knowledge of the promisee than of the promisor, or where the time of the performance is to be directly determined by the promisee, the law raises, by implication, a stipulation that notice shall be given to the promisor, and it must be averred and proved. But when the extent of the contract is to be ascertained by facts not peculiarly within the knowledge of the promisee, or where the time of performance is to depend on some collateral act of the promisor or a stranger, the promisor must be considered as having contracted to take notice at his peril." This general rule, as laid down in *Dix* v. *Flanders*, is cited and approved by Metcalf, in his note to *Todd*

v. *Bailey*, Yelv. 168. In *Watson* v. *Walker*, 23 N. H. (3 Fost.) 491, the rule is stated to be, that whenever the fact upon which the defendant's liability is incurred lies peculiarly within the knowledge and privity of the plaintiff, notice thereof must be stated to have been given to the defendant; but when the matter lies as much within the cognizance of one party as the other, notice is not necessary. In *Beebe* v. *Dudley*, 26 N. H. (6 Fost.) 249, it was held that the defendant, who was guarantor for goods to be sold by the plaintiff to a third person, must have notice before suit, and the auditor's report in that case was recommitted, to find that fact.

Where the defendant has undertaken to pay money if a designated third person fails to perform a certain specified act, as to pay the rent which will fall due on an existing demise, the defendant is not entitled to notice. *Brookbank* v. *Taylor*, Cro. Jac. 684; *Dyer* v. *Rich*, 1 Met. 180. But if the act to be performed by the third person is uncertain in its nature, time, and extent, and is to be performed to or with the plaintiff, so as to be peculiarly within his knowledge, the authorities fully establish the rule that the defendant must have notice before suit, although the contract has no stipulation for notice.

The general rule to be deduced from the authorities would seem to be this : where the act, or the state of facts upon which the liability of the defendant is to arise is uncertain in its character, and peculiarly within the knowledge of the plaintiff, so that the defendant cannot learn the facts by the exercise of reasonable diligence, he must have notice before suit; and perhaps it is not practicable to lay down any more precise and particular rule, that will be found consistent with all the authorities.

All the reasons for the application of the rule requiring notice, operate, as seems to me, with full force in the present case. The legal liability of a stockholder, under the statute, for the debts of the corporation, is collateral, and

in the nature of a guaranty, on certain conditions and contingencies. His liability is dependent on facts subsequent to his becoming a member, which are wholly uncertain and unlimited in extent; that is to say, upon the contracting of debts by the corporation, and the neglect to pay the debts or expose property within sixty days after demand. He does not even know who will be the creditor of the corporation that may have the claims against him. The stockholder is no party to the subsequent transactions relied on to charge him; and his connection with the corporation is not such as can be supposed to give him actual information of the facts, or afford him the means of obtaining information of them by any reasonable degree of diligence. But the facts are all necessarily in the knowledge of the plaintiff; he owns the claim, and takes the steps with the corporation which the statute prescribes, to charge the stockholders. If notice is not necessary, then the stockholders, one and all, who were members when the debts were contracted, become absolutely liable for them, provided they have been demanded and not paid, or property exposed, and must remain liable, at least for six years, though they had no knowledge, nor any practicable means of knowing that the debts had been contracted or demanded; and though the corporation may have become insolvent or dissolved, and its property and franchises all disposed of, as we understand to be the case with this corporation; and the owner of a single share might be called on years after the corporation had ceased to exist, for payment of all the corporate debts contracted while he was a stockholder, without any previous notice of the facts relied on to charge him.

The question is one of legislative intention. If this claim were made on the defendants under an express contract, binding them to a liability like that inferred by the statute, the rule of law we take to be well settled and

clear, that no action could be maintained against them without previous notice. Did the legislature intend that a rule of general application in the construction of contracts, founded in reason and equity, should be superseded in the interpretation of this statute? or did they mean that the statute should be construed by the general rule applied to contracts binding parties to liabilities analogous to those imposed by the act? The statute, we think, is to be interpreted, with reference to the general rule of law, in the same manner as a contract containing like provisions; that what would be implied in the contract, though not expressed, will be implied, though not expressed, in the statute. This principle was applied in construing a statute of New-York, making stockholders in the Rossie Lead Mining Company liable, on certain conditions, for the debts of the corporation. *Moss* v. *McCullough*, 5 Hill 131. The court construed the statute, in that case, by the same rules that would have been applied to a contract binding the defendant to liabilities like those imposed by the statute.

We are of opinion that the plaintiff, in declaring on our statute, against a stockholder, for the debt of the corporation, must allege specially and in a traversable form that the defendant had notice before suit that the debt had been demanded of the corporation and not paid, or property exposed within sixty days afterward; and must prove the allegation on trial. We have not thought it expedient to anticipate the question as to what would be sufficient notice under the statute, and leave that matter to be considered in reference to the facts of the case as they may appear on trial, if the case should proceed upon an amended declaration.

For this cause—the want of a sufficient averment that the defendant had notice before suit—the demurrer is allowed. The other causes of demurrer assigned are overruled.