WELLS, FARGO & CO., Respondents, *v.* ERWIN DAVIS and J. N. H. PATRICK, Appellants.

1. Guaranty—Notice of Acceptance of.—Where a contract of guaranty was made to secure an existing indebtedness as well as future advances, and was absolute and unconditional in its terms, and contained in itself no stipulation as to notice of the acceptance thereof by the guarantee: *Held*, that no notice to the guarantor by the guarantee of the acceptance thereof was necessary.

2. Notice to Guarantor of Failure of Debtor.—The question as to whether the notice given by the guarantee to the guarantor of the failure of the principal debtor is reasonable or not is one to be determined by the court and not by the jury.

3. Notice to Guarantor of Failure of Debtor.—In case at bar: *Held*, That no notice of the failure of the principal debtor was required to be given.

4. Want of Notice—When a Defense.—Generally the guarantor is entitled to notice of the failure of the principal debtor, but he cannot defend himself by the want of it, unless notice and demand have been so long delayed as to raise a presumption of waiver of payment, or unless he can show that by the delay he has lost opportunities for securing himself which a notice might have given him.

5. "Overdraft"—Applicable to Guaranty.—A guaranty that provides for the payment of any "overdrafts" of the principal debtor must be construed like other commercial paper, with reference to the usages of trade and business, and the meaning of the word "overdraft" as understood and accepted by banks and business men must be fairly presumed to have been the understanding of the parties to the guaranty.

Appeal from the Third District Court.

The facts are sufficiently stated in the opinion of the court.

*Bennett & Harkness*, for appellants.

Plaintiff should have given notice of an acceptance of the guaranty and of an intention to act on it. *Douglas* v. *Reynolds*, 7 Pet. 117; *Lee* v. *Dick*, 10 Pet. 482; *Mussey* v. *Raynor*, 22 Pick. 223; 2 Parsons on Con. 174, 175; *Reynolds* v.

*Douglas,* 12 Pet. 408; Fell on Guar. (3d Am. ed.) 295, note; *Louisville M. Co.* v. *Welch,* 10 How. 461.

Reasonable notice of the failure of the principal debtor to pay should have been given, and it is a question of fact for the jury whether a notice is reasonable. Cases *supra; Lawrence* v. *McCalmont,* 2 How. 426.

The statement of the account between the plaintiff and Gordon & Co., even if *prima facie* evidence of the amount of the indebtedness was not conclusive against the defendants. Freeman on Judg. § 180; 1 Greenlf. Ev. § 187.

The defendants did not guaranty everything Gordon & Co. might say was an overdraft, but only legal indebtedness by way of overdrafts.

*Marshall & Royle,* for respondents.

That the very terms of the guaranty waived all notice of acceptance, and that such guaranty was absolute, unconditional and positive and took immediate effect, and that in such a case knowledge of acceptance would be conclusively presumed. *Dickenson* v. *Derickson,* 39 Ill. 567; *Voltz* v. *Harris et al.,* 40 Ill. 150; *Buchanan Co.* v. *Kirtley et al.,* 42 Mo. 535; 2 Parsons on Con. (4th ed.) 174–175; Fell on Guar. 32, note 34, note to 45; *Redfield* v. *Haight,* 27 Conn. 33.

No notice of the failure of the principal debtor to pay was necessary under a guaranty such as that in question. Cases *supra.*

In the construction of the instrument of guaranty, its terms should be most strictly construed against the guarantor, and the intent deduced from the relative condition of all the parties. Fell on Guar. 489–503.

Under the above rule but one conclusion can be drawn from the reading of the contract or rather covenant (as it is under seal) and that is, that all obligations as to notice of acceptance or as to non-payment, were expressly waived and were so intended.

We also deem it a well-established rule of law, that if ap-

pellants suffered loss by the plaintiffs' not notifying them with promptness of the failure to pay on the part of Gordon & Co., that such fact of loss should have been set up in the defendants' answer, and should have been established by proof. 2 Parsons on Con. 174–175.

We would also draw the attention of the court to the terms of the contract in another regard. The same was a continuing contract, defendants were to be liable "at all times" until notice was given by them in writing to the plaintiff of the cessation of their contract of guaranty. The effect of such clause is too plain for comment or criticism, and should of itself fully answer the position taken by appellants.

EMERSON, J., delivered the opinion of the court:

The action is founded on the following guaranty:

"For and in consideration of one dollar to us in hand paid by Wells, Fargo & Co. (the receipt of which is hereby acknowledged) we hereby guaranty unto them, the said Wells, Fargo & Co., unconditionally, at all times, any indebtedness of Gordon & Co., a firm now doing business at Salt Lake City, Territory of Utah, to the extent of and not exceeding the sum of ten thousand dollars ($10,000) for any overdrafts now made or that may hereafter be made at the bank of said Wells, Fargo & Co. This guaranty to be an open one, and to continue one at all times to the amount of ten thousand dollars, until revoked by us in writing.

"Dated, Salt Lake City, 11th November, 1874.

"In witness whereof we have hereunto set our hands and seals the day and year above written.

"ERWIN DAVIS, [L.S.]
"J. N. H. PATRICK." [L.S.]

"Witness,
"J. GORDON."

The guaranty was procured by Gordon & Co., and delivered to the plaintiffs, who immediately acted upon it, without notice to the defendants of their intention to do so, or of their

acceptance of it. The failure to give this notice is made the basis of the appellants' first objection. So that the first question is was this notice necessary?

The guaranty was to secure an existing indebtedness as well as future advances. The authorities are uniform in holding that when such is the case no notice is necessary. 2 Parsons on Cont. 14. The contract was absolute and unconditional, and contains in itself no intimation of a desire for specific notice of acceptance, hence it may be supposed that the guarantors had a reasonable knowledge that their guaranty was accepted and acted upon unless they were informed to the contrary. *Douglas* v. *Howland*, 24 Wend. 35; *Union Bank* v. *Coster's Ex'rs*, 3 Comst. 212; *Smith* v. *Dana*, 6 Hill. 543.

The account of Gordon & Co. with the respondents stopped in April, 1875, by their refusal to honor checks drawn upon them. The account as it then stood was exhibited to Gordon & Co. at this and subsequent times, and they promised to pay the same. The attention of one of the guarantors was called to the condition of the account some time before January, 1876, and of both of them, shortly before bringing this suit, in May, 1876.

It is claimed on the part of the appellants that reasonable notice of the failure of the principal debtor should have been given; that the notice which was given was not reasonable; and that it is a question of fact for the jury whether a notice is reasonable or not.

The question whether any notice is given or not is a question of fact for the jury, but whether a notice was reasonable or not is a question of law for the court. What is a reasonable time, the fact of a notice having been given being proved or the facts not being in dispute, seems to be entirely a question of law and not proper to be submitted to a jury. *Croft* v. *Isham*, 13 Conn. 28; *Howe* v. *Nichles*, 22 Me. 175; *Lowry* v. *Adams*, 22 Vt. 160.

We do not think any notice was necessary in this case. By a fair construction of the contract, demand and notice were

waived. The parties have solemnly stipulated, under their hands and seals, that there should be no condition to this guaranty; that it should be binding at all times, until revoked by them in writing. They had it in their power to terminate their liability at any time. The only conclusion that can be drawn from the instrument is, that they knew that it was to remain in force until thus revoked by them. And, moreover, there is no claim on the part of the appellants that they have been in the least damnified from the want of notice.

Mr. Parsons in his work upon Contracts, v. 2, p. 28, in treating upon this subject says: " The question of reasonable time is a question of law, and the cases are very few which would help us in determining what time would be reasonable, but from the authorities and the reason of the thing we deduce these rules: The guarantor is entitled to this notice, but cannot defend himself by the want of it, unless the notice and demand have been so long delayed as to raise a presumption of waiver of payment, or unless he can show that he has lost by the delay opportunities for obtaining securities which a notice or an earlier notice would have given him." There was no such delay in this case as would raise a presumption of waiver or of payment.

The next point is to the effect that the stated account between respondents and the principal in the guaranty was not binding upon the appellants, and principally upon the ground that it contained an item of account transferred to that of Gordon & Co. from another firm.

The question arises upon substantially this state of facts: Previous to the giving of the contract of guaranty, the firm of Gordon & Murray had been doing business with the respondent and were in their debt. On the dissolution of that firm, which was previous to the giving of the guaranty, the firm of Gordon & Co. succeeded to the business, and the balance due the respondents was assumed by them and had been transferred to their account, and was a part of their indebtedness when the guaranty was given. It is claimed that this item

cannot be included in the term " overdraft," and is not covered by the guaranty.

This guaranty, like all commercial paper, must be construed with reference to the usages of trade and business. The testimony showing what was understood and accepted by banks and business men by the word " overdraft," was properly admitted. And the meaning thus established is fairly presumed to have been the understanding of the parties.

The account of Gordon & Murray, transferred to and standing against Gordon & Co. at the time of the contract of guaranty was entered into, was an overdraft and within the terms of the guaranty. So, also, was the interest on the overdue account.

While it is true that an account stated between Gordon & Co. and the respondents would not be conclusive upon the appellants, yet, in our view of the case, the testimony offered and rejected, to show that the account stated contained as one item the account of Gordon & Murray, was immaterial, for it was an offer to prove what the record discloses was admitted by the respondents. And, as we have already seen, the fact that it was so included does not change the legal liability of the appellants. That was a part of the existing indebtedness that they guaranteed. The verdict is not for an excessive amount, and is supported by the evidence.

We can see no error in the instructions given to the jury, or in refusing to give those asked on the part of the appellants. The instructions given are substantially in accordance with the views expressed in this opinion.

The judgment of the court below is affirmed.

SCHAEFFER, C. J., and BOREMAN, J., concurred.