WILLIAM TAUSSIG ET AL.

V.

SIMON REID ET AL.

*Guaranty—Debt Incurred by Another—Default of Debtor—Notice—Demand.*

In case of a collateral continuing guaranty of the payment of debts of uncertain amounts, to mature at periods unknown, and the existence of which depends entirely on the future action of the principal and the guarantee, reasonable notice of default of payment by the principal need not be given to the guarantor. and he is not discharged to the extent of his loss or damage caused by the failure to give him such notice.

[Opinion filed March 10, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. R. S. TUTHILL, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellants.

Messrs. HOFHEIMER & ZEISLER, for appellees.

Baylies in his work on Sureties and Guarantors, page 200, thus states the condition of the law on the question under consideration:

"The question as to whether notice of the default of the principal debtor is necessary to fix the liability of the guarantor, has given rise to numerous and conflicting decisions, which it would be idle to attempt to harmonize. For the rule of law in any State determining this question, the reported decisions of that State must be the guide."

And on page 202, the same author says: "In Illinois it is laid down as a general rule that where one guarantees the act of another, his liability is commensurate with that of his principal, and that he is no more entitled to notice of default than the latter. Both must take notice of the whole at their peril."

In McGuire v. Newkirk, 1 Engl. (Ark.) 142, cited by appellants, the guaranty was as follows:

"We hereby guarantee the payment of bill of this date to Newkirk & Olden, by Randolph & Keeshley, for $806.12.

"MONTGOMERY, KELLY & Co."

The guarantors being sued upon this instrument, the Supreme Court of Arkansas held "that the stipulation is to pay in case the original debtor does not, and is an auxiliary obligation; * * * that the creditor ought not to be allowed to enforce the payment of the security without notice of the non-payment of the principal debtor."

In Gage v. Mechanics Nat. Bank, 79 Ill. 62, the guaranty was: "For value received, we guarantee the payment of the within note at maturity." Our Supreme Court came to the conclusion "the holder was under no obligation to demand payment of the maker, and on his default to notify the guarantors, for they undertook to pay, at all hazards, at maturity, the one being as much bound as the other. * * * It is a primary, positive undertaking, joint and several in its nature."

Or, as this court said with reference to exactly the same kind of a guaranty in Johnson v. Glover, 19 Ill. App. 585 (588, bottom): "A contract of guaranty is not a collateral but an original undertaking." In Virden v. Ellsworth, 15 Ind. 144, likewise cited by opposing counsel, the guaranty

Taussig v. Reid.

was as follows :  " For  value received, I guarantee the  payment of the  rent, as stipulated by said Ford, in case of non-payment by him."

The Supreme Court of Indiana hold that " the undertaking or contract of the guarantor was distinct from that of the principal, and collateral thereto;" therefore notice of the default of the lessee was necessary.

We invite a comparison of that case with the decision of our own Supreme Court in Voltz v. Harris, 40 Ill. 155. There, also, " Voltz signed a guaranty to the effect that he would be responsible for the rent and for all damages the lessors might sustain by reason of  non-compliance or fulfillment of the lease by Widmer."

In this case, the Supreme Court say (page 159) :   "By the terms of the guaranty in this case, the liability of the guarantor was primary and for all rent, and consequently he was not entitled to notice.  It was his duty to see the rent was paid by Widmer, or by the person he had let into possession."   In the case of McDougal v. Calef, 34 N. H. 534, the guaranty was as follows:

"This may certify that we, being acquainted with Frank Stevens, and reposing good confidence in his honesty, and the goods you may see fit to entrust him with we will hold ourselves good for, provided he should sell them and abscond with the money and squander them away, and this shall be your note against us.

Signed:     "DANIEL J. CALEF,<br>"J. FELLOWS."

The condition of guarantors' liability is very clearly expressed: "provided he should sell the goods and abscond with the money and squander them away."

The guaranty, therefore, was a conditional undertaking, not an absolute one, and upon that ground the court very properly held notice of default to be necessary; and they clearly make this distinction, that where the guarantors' undertaking is absolute no demand or notice is necessary; otherwise, where the undertaking is only collateral.

The New Hampshire doctrine will more clearly appear from

two other decisions of that State.    See March v. Putney, 56
N. H. 34; Bank v. Sinclair, 60 N. H. 100.

In Smith v. Ide, 3 Vt. 290, the guaranty was as follows:
"Mr. WILLIAM SMITH.

" SIR : Avara Gilman says he has bought a pair of horses
of you for $200 in sixty days.    I will warrant him to pay
according to his agreement.

"Signed:     GEORGE IDE."

The court say : " The last point made in this case depends
on the question whether the undertaking of the defendant
was absolute or conditional.    And we think it was an abso-
lute engagement that Gilman should pay for the horses at the
expiration of sixty days, or that the defendant would himself
make the payment.    Therefore, on failure of payment at the
time it fell due, the defendant became fixed with this debt
without reference to any demand on Gilman or notice to
himself."    See Train v. Jones, 11 Vt. 444; Sylvester v.
Downer, 18 Vt. 32; Noyes v. Nichals, 28 Vt. 159; Craft v.
Isham, 13 Conn. 28; Bushnell v. Church, 15 Conn. 406.

On all fours with the case at bar is Lowe v. Beckwith, 14 B.
Mon. (Ky.) 150.    The court there considers all arguments of
reason as well as of authority, in favor of the proposition con-
tended for by appellants, finds proper and convincing answers
thereto, and reaches the conclusion that notice of the default
of the principal debtor is unnecessary.

In Yancey v. Brown, 3 Sneed (Tenn.), 89, the guaranty
was as follows:

" Mr. W. G. Stuart, the bearer of this, is a young man who
has lived with me for the last twelve months, and has now
visited your city with a view of buying a small stock of goods.
Knowing him to be a young man of strict integrity, and of
sober, moral and industrious habits (and I have known him
all his life), I have no hesitancy in recommending him to you
as such.    I want you to sell him a bill of goods on the best
terms you can afford; I will guarantee the payment of every
dollar.

"Yours most respectfully,
"JOHN YANCEY."

In regard to the question of notice of the failure of the principal debtor, the court say (p. 96):

"Upon much consideration we have adopted the doctrine of the English authorities upon this subject; and the settled law in this State now is, that where the instrument purports to be an absolute engagement, no notice either of the acceptance of the guaranty, or of non-payment by the principal, is necessary."

In Clark v. Burdett, 2 Hall (N. Y. Super. Ct.), 197, the guaranty was as follows:

" I hereby guarantee the payment of any bill or bills of merchandize Mrs. Phillips has purchased or may purchase from E. P. Clark & Co.; the said Mrs. Phillips having the privilege of ninety days' credit on the purchases made by her, the amount of this guaranty not exceeding two hundred dollars, and this guaranty to expire at the end of one year from this date.

" Jacob Burdett."

Objection was made to the plaintiff's recovery on the ground that no demand on the principal debtor for payment had been made, and no notice of default had been given to the defendant.   But the court decides that neither was necessary.

In Smith v. Dann, 6 Hill, 543, this was the form of the guaranty:

"If you will let Mess. Steel & Wall, of this village, grocers and bakers, have 100 dollars in goods at your store on a credit of 3 months, you may regard me as guaranteeing the payment.

" Amos Dann."

The court say:  " If the defendant wanted notice, and did not get it from the persons whom he thought worthy of credit, it was his business to inquire and ascertain what had been done.

"I know there are cases which require notice (see Adams v. Jones, 12 Pet. 207; Reynolds v. Douglass, Id. 497; Am. Jur., Vol. 27, p. 336 *et seq*.), but we think they are not based upon the common law, and for that reason they have not been followed in this State."   See Douglass v. Howland, 24 Wend.

35; Whitney v. Groat, 24 Wend. 82; Allen v. Rightmere, 20 Johns. 365; Ketchell v. Burns, 24 Wend. 456; Brown v. Curtiss, 2 N. Y. 225; Clay v. Edgerton, 19 O. St. 549.

In Woolley v. Sergeant, 8 N. J. L. 262, the rule is broadly stated that except in cases of mercantile instruments, the obligation of a guarantor or surety is absolute and unconditional without necessity of demand upon the principal debtor or notice of his failure to pay.

An examination of the decisions of our own State will establish their entire harmony with the common law view and their repudiation of the doctrine introduced into American jurisprudence by the *dicta* of Marshall and Story.

Let us first quote from Gage v. Lewis, 68 Ill. 604, where it is stated (p. 618), as "a general rule, that where one guarantees the act of another, his liability is commensurate with that of his principal, and he is no more entitled to notice of the default than the latter. Both must take notice of the whole, at their peril. Somersall v. Barnaby, Cro. Jac. 287; Atkinson and Wolfe's case, 1 Leon. 105; Douglass v. Howland, 24 Wend. 35; Hammond v. Gilmore's Adm'r, 14 Conn. 479; Duffield v. Scott et al., 3 Term R. 374."

It is clear from the citations made in support of the above text, that our Supreme Court, with reference to the question of notice of default, stand upon common law ground and are in full accord with the New York doctrine as expressed in Douglass v. Howland, *supra*, as well as with the modified view of the Connecticut Supreme Court. It will be remembered that Douglass v. Howland, in terms rejects the opinions of Ch. J. Marshall in Russell v. Clark, 7 Cr., and that of Story, J., in Douglass v. Reynolds, 7 Pet., as having no foundation in English jurisprudence.

Our Supreme Court has, at least by implication, done the same, by citing with approval the case of Douglass v. Howland.

The oldest Illinois decision involving the point under discussion is Heaton v. Hurlbert, 3 Scam. 480. It still flavors of the rule of Douglass v. Reynolds, which it cites, and winds up by stating that "a distinction has been taken

between the absolute guaranty of a promissory note, or a sum ascertained and certain, and a letter of credit, with a guaranty which requires acceptance and notice." But this is entirely *obiter dictum.* See Allison v. Waldham, 24 Ill. 132; Penny v. Crane Bros. Mfg. Co., 80 Ill. 244; White v. Walker, 31 Ill. 422; Voltz v. Harris, 40 Ill. 155; Dickerson v. Derrickson, 39 Ill. 574; Powell v. Chicago Carpet Co., 22 Ill. App. 409; Hance v. Miller, 21 Ill. 636; Gridley v. Capen, 72 Ill. 11; Johnson v. Glover, 19 Ill. App. 585; Gage v. Bank, 79 Ill. 62.

GARNETT, J.  This is an appeal from a judgment against appellants for $1,680.34, upon the following instrument signed by them:

"For value received I hereby guarantee the prompt pay- ment at maturity of any indebtedness owing to Reid, Murdock & Fischer by Mrs. Mathilde Zuckerman, of 370 State street and 214 and 216 North Clark street, Chicago, for goods pur- chased or which may be purchased hereafter of them to the amount of $1,500, with interest on all the above indebtedness according to the tenor and effect thereof at the rate of eight per cent per annum, and I agree to pay all costs and expenses paid or incurred in collecting the same.

"Signed at Chicago, this 14th day of January, 1887.

"E. KOHN.

"Witness:   Jos. ZUCKERMAN,  WM. TAUSSIG."

The judgment includes interest on the $1,500 from the time this suit was commenced.  Mrs. Zuckerman was, at the date of the guaranty, the proprietor of two retail grocery stores at the places named, and appellees were engaged in business in Chicago as wholesale grocers.

Immediately after the delivery of that paper to appellees they commenced to sell her goods on credit, and continued such sales until November 23d following.  The state of her account varied at different times.  In April she was indebted to appellees over $1,800, which was settled by her promissory notes, guaranteed by appellants; the notes, however, are not the basis of this action.  On June 1st she was in default to the extent of $1,762.30; July 1st and August 1st, over $1,900;

September 1st, $2,112.63; October 1st, $2,342.80; November 1st, $2,389.51, and November 23d, $2,714.96.

This suit was brought December 9, 1887, and, among other defenses, appellants set up that no notice was given to them of the default of Mrs. Zuckerman in paying for the goods, and that in consequence thereof, and of her insolvency, they were deprived of the opportunity to secure indemnity. There was evidence tending to prove that she became insolvent November 24, 1887, and that no notice of her default was given to appellants before that time.

It must be admitted that the authorities leave this question in considerable confusion. But I conceive the weight of authority in this country to support the doctrine that in case of a collateral continuing guaranty of payment of debts of uncertain amounts, to mature at periods not known, and the existence of which depends entirely on the future action of the principal and the guarantee, reasonable notice of default of payment by the principal must be given to the guarantor, and he is discharged to the extent of his loss or damage caused by the failure to give him such notice. It makes no difference that the guaranty limits the amount of the indebtedness. Such a case was Howe v. Nickles, 22 Me. 175, where the court held that two general principles may be considered as fully established in cases of this kind: first, that the guarantor must be apprised of the acceptance of the proposed guaranty; second, that he must within a reasonable time be notified of the amount which may have been advanced, and of demand of payment, without effect, of the principal debtor. So in Douglass v. Reynolds, 7 Peters, 113, which was a suit on a continuing guaranty of acceptance or indorsement of the principal's paper, or advances to him in cash, not to exceed $8,000, the court held that, while the creditors were not bound to institute legal proceedings against the debtor, they were required to use reasonable diligence to make demand, and to give notice of non-payment to the guarantors. The same defense was set up in Davis v. Wells, 104 U. S. 159, where the court fully recognized the rule contended for by appellants, but held the terms of the contract waived demand and notice.

In Dickerson v. Derrickson, 39 Ill. 574, the court, after first holding that no demand or notice of non-payment is required where the guaranty is absolute, say: "When, however, the guaranty depends upon the happening of a contingent event, it is necessary, when the event has occurred, that notice should be given to the guarantor within a reasonable time. This is manifestly proper to enable the guarantor to secure himself against loss. 2 Parsons on Contracts, 174. But what is a reasonable time depends upon the circumstances of the case. If, however, it is given before loss could occur, or the situation of the parties become changed so as to endanger loss, it is believed to be sufficient. If delayed so long as to deprive the guarantor of the means of rendering himself secure, it would not be in time, and the guarantor would be released." This principle is supported by the reasoning in Newman v. Streator Coal Co., 19 Ill. App. 594, where the court cites, with approval, Howe v. Nickles, 22 Me. 175. See, also, Smith v. Bainbridge, 6 Blackf. 12; Clark v. Remington, 11 Met. 361.

The only notice that was ever given to appellants of any action on the faith of the guaranty was when they were requested, in April, 1887, to guarantee the notes of Mrs. Zuckerman for something over $1,800.

To require notice of default in payment imposes no unreasonable burden on the creditor. If he does not give notice, the guarantor must either rely on the principal to voluntarily keep him informed, or he must, in order to protect himself, make continual inquiries of the creditor.

Not knowing when, if at all, indebtedness will be contracted, or when it will become payable, he can not know whether it is paid or not without taking upon himself annoyance that no one would care to endure. It is apparent that if guarantors, in this class of cases, are to receive such treatment from the courts, it will operate as a great discouragement if not a practical prohibition of all friendly assistance of that kind. The first instruction given for the plaintiffs authorized a recovery without requiring demand and notice of non-payment, and without noticing the alleged damage to the defendants in con-

sequence thereof.   In this the instruction was faulty, and the omission was not supplied by any other instruction.   Whether there was demand and notice of default, and whether defendants suffered any damage by reason thereof, should have been submitted to the jury under a proper instruction.   Howe v. Nickles, 22 Me. 175; Gibbs v. Cannon, 9 Serg. & R. 198.

The other assignments of error are not well taken.

The views expressed in this opinion as to the necessity of demand and notice of default are personal to the writer, but as the other two judges of the court lean to the other side of the question, and desire the question finally set at rest by the Supreme Court of the State, the judgment will be affirmed.

*Judgment affirmed.*